UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF BOSAW,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )     No. 21-4055<br>) |
| UNITED STATES OF AMERICA, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff has identified five Defendants including the United States, the Federal Public Defenders Office, Public Defender Thomas Patton, the Estate of Public Defender George Taseff, and the United States Attorney General. Plaintiff says he is filing his lawsuit based on "official misconduct, civil rights violations, cruel and unusual punishment, fiduciary duty violations." (Comp., p. 1).

It is difficult to discern Plaintiff's claims, but he is clearly unhappy with the representation he has received in his current criminal case pending in Federal Court. *See United States v. Bosaw*, Case No. 20-40070. Plaintiff details his dissatisfaction with his

previous public defender's handling of an alleged bond violation. Plaintiff further alleges the attorney became angry and threatened him during a video call. Plaintiff mentions another inmate who also believes he is receiving inadequate representation from the Federal Public Defenders Office.

Plaintiff notes he is suing Public Defender Thomas Patton because he is "director/manager" Boss of All!" (Comp., p. 3). Plaintiff is also suing the U.S. Attorney General because he apparently believes the office has some "public defender oversight." (Comp., p. 3). Plaintiff is incorrect in this assumption.

Plaintiff is requesting this Court dismiss his criminal case with prejudice, reimburse "potential wages," and punitive damages for the resulting "mental health issues." (Comp, p. 8).

There are several problems with Plaintiff's complaint. First, Plaintiff has not articulated a federal claim. Plaintiff appears to be alleging his defense attorneys have failed to adequately represent him, have threatened him, and otherwise acted in a manner he considers unethical. Plaintiff is alleging malpractice which is a state law claim. *See Davenport v. Jackson*, 2016 WL 81781, at *2 (C.D.Ill. Jan. 7, 2016).

Furthermore, a federal civil rights action "for legal malpractice cannot be maintained against appointed lawyers, even those employed by the federal government, because they do not act under color of law." *Richards v. Flynn*, 2008 WL 341453, at *1 (7th Cir. 2008); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a

2

defendant in a criminal proceeding"); *see also Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (a federal public defender may not be sued for malpractice in a *Bivens*-type suit).

Second, Plaintiff cannot obtain the relief he seeks in this lawsuit.  "[A] civil rights action cannot be used to challenge a criminal conviction." *Richards*, 2008 WL 341453 at *1, *citing Preiser v. Rodriguez,* 411 U.S. 475, 488-90 (1973); *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006). Here, Plaintiff goes even farther and has filed his civil lawsuit asking this Court to intervene in his pending federal criminal case and dismiss all charges. Plaintiff MUST address both his pending criminal charges and his concerns about his representation in his criminal court case.

Finally, even if Plaintiff had articulated a claim, he could not proceed against most of the named Defendants. *See i.e. Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (holding that "[a] *Bivens* action may not be brought against the United States or a federal agency"); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates).

The Court must dismiss Plaintiff's complaint since he has failed to articulate a violation of his constitutional rights or any other federal claim *See Richards,* 2008 WL 341453 (upholding district court's dismissal of complaint at initial screening finding plaintiff could not use federal civil rights lawsuit to sue defense attorney for malpractice, nor challenge his criminal conviction); *Kayin El v. USA*, 2018 WL 659194, at *5 (S.D.Ill. Feb 1, 2018)(dismissing claims against defense attorneys as "legally frivolous.").

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [4, 11 atty].

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 23rd day of September, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE